IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-21-00255-JD |
| JESUS MARIA IBANEZ, JR., | ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Defendant Jesus Maria Ibanez, Jr. ("Ibanez"), appearing *pro se*, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) ("Motion"). [Doc. No. 54]. In his Motion, Ibanez asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines ("USSG") because he was assessed two additional criminal history points ("status points"). Assistant Federal Public Defender Laura K. Deskin, in accordance with this District's General Order 23-6 and this Court's Order [Doc. No. 60], filed a Notice Regarding Defendant's Ineligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of USSG Amendment 821 [Doc. No. 62].

The United States responded in opposition to the Motion [Doc. No. 58], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 55]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction.

Amendment 821 does not have the effect of lowering Ibanez's applicable guideline range, and thus, no reduction is authorized.

## I.     BACKGROUND

On March 1, 2022, Ibanez pled guilty to Count 1 of a one-count Indictment. [Doc. Nos. 19, 36–38]. Count 1 charged Ibanez with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Doc. No. 19]. On June 1, 2022, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 43]. The PSR calculated a total offense level of 19 for the offense. PSR at ¶ 31.

The PSR calculated a total criminal history score of 18 for Ibanez, which placed him in a criminal history category of VI. *See id.* at ¶ 53. As part of that calculation, Ibanez was assessed two "status points" because he committed the instant offense while under a criminal justice sentence imposed by the Oklahoma County District Court. *See id.* at ¶¶ 50, 52, 53. Based on a total offense level of 19 and a criminal history category of VI, Ibanez's advisory guideline range for imprisonment was 63 months to 78 months. *See id.* at ¶ 99.

At the sentencing hearing held on October 28, 2022, the Court adopted the PSR. [Doc. No. 49]. The Court sentenced Ibanez to a term of imprisonment of 72 months on Count 1. [Doc. No. 50].

## II.    DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a

previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact

3

*warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Ibanez is not eligible for a sentence reduction under Part A of Amendment 821. Relevant here, under Part A, the defendant's "status points" are decreased by one if the defendant has seven or more criminal history points, and the defendant's "status points" are eliminated if the defendant has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Applying Part

A of Amendment 821, Ibanez's "status points" would be decreased by one, resulting in a criminal history score of 17, which still corresponds to a criminal history category of VI. Consequently, Ibanez would still have a total offense level of 19 and a criminal history category of VI, resulting in the same advisory guideline imprisonment range he was originally assessed—63 months to 78 months.

Because application of Part A of Amendment 821 concerning "status points" does not have the effect of lowering Ibanez's applicable guideline range, a reduction of his sentence would be inconsistent with the Sentencing Commission's policy statement in § 1B1.10(a)(2)(B) and unauthorized under § 3582(c)(2). Thus, this Court lacks jurisdiction under § 3582(c)(2) to modify Ibanez's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III. CONCLUSION

Accordingly, Defendant Jesus Maria Ibanez, Jr.'s *pro se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 54] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 12th day of June 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE